For the reasons stated in State v. Cale, supra, at 2-3, and State v.Talley, supra, at 3, I respectfully dissent from the majority determination that the unique "manifest injustice" standard of Crim.R. 32.1 governing a post-sentence motion to withdraw a guilty plea is effectively subsumed by the more general provisions of R.C. 2953.21
governing petitions for post-conviction relief. I would have adopted the general approach of the Cale and Talley decisions instead of those favored by the majority but concur in certifying the conflict to the Supreme Court of Ohio.
In this case it is undisputed from the face of the judgment entry that the trial judge, prosecutor, defense counsel and the defendant were all operating under a fundamental and material mistake of law concerning the consequences of the guilty plea. In my view, such a plea is clearly voidable if not void, as is any judgment of conviction based thereon. Moreover, an acknowledged material error of law in the plea process which is reflected in the judgment of conviction, is completely distinguishable from the typical post conviction allegation, often based on matters outside the record, claiming some form of unilateral misunderstanding by the defendant.
As a result, I am not persuaded that there is any valid reason why this case should not be governed by the specific provisions of Crim.R. 32.1 providing for the withdrawal of a guilty plea to correct manifest injustice. Nor am I convinced that there is any valid reason to preclude, as the majority ruling does, the trial court from granting Crim.R. 32.1 relief under these circumstances beyond 180 days after the time for filing an appeal solely because of the provisions of R.C. 2953.21
governing post conviction petitions. I would reverse and remand this case to the trial court with instructions to allow the withdrawal of the plea.